IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICCO DONTAE WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OKLAHOMA DEPARTMENT | ) | |
| OF CORRECTIONS; DAVIS | ) | |
| CORRECTIONAL FACILITY; | ) | |
| STATE OF OKLAHOMA; | ) | |
| ROBIN ROBERTS, Corrections | ) | |
| Counselor; FNU SPITZER, | ) | Case No. CIV-17-904-M |
| Corrections Officer; FNU | ) | |
| DAVIS, Corrections Officer; | ) | |
| JOHNNY CARTWRIGHT, | ) | |
| Corrections Officer; GENTRY | ) | |
| CRAWFORD, Corrections | ) | |
| Officer; FNU PELTIER, | ) | |
| Corrections Officer; FNU | ) | |
| BAKER, Corrections Officer; | ) | |
| JAMES YATES, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Ricco Dontae Walters (Plaintiff), a state prisoner appearing pro se, initiated this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights at the Davis Correctional Facility in Holdenville, Oklahoma (DCI). Doc. 1.[1] In the title of his caption, Plaintiff lists three

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Quotations are verbatim unless indicated.

Defendants, the Oklahoma Department of Corrections (DOC), DCI, and the State of Oklahoma. *Id.* at 1. In the "[p]arties" section of his form complaint, Plaintiff names Defendants Roberts, Spitzer, Davis, Cartwright, Crawford, Peltier, Baker, and Yates, and identifies each as a DCI corrections counselor or officer and as "a citizen of Holdenville, Oklahoma." *Id.* at 1, 2, 3, 4. Plaintiff also identifies Defendant Yates as a DCI warden. *Id.* at 4.

United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Following the requisite screening of Plaintiff's complaint, the undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 1404(a).

## I.   Plaintiff's claims.

Plaintiff generally claims that while housed in DCI's segregation unit for a ninety-day period beginning on February 8, 2017, he "was . . . refused rec" and was "out of [his] cell . . . approx. 6 to 7 times in 90 days only showered 4-5 times the rest was them taking [him] to the nurses and from medium security to maximum . . . ." Doc. 1, at 2. He alleges "[t[hey also put or placed bacteria and other things in [his] food trays" and that he "was also cuffed and unnecessary force was used and scarred and cut my wrist for no reason . . . ." *Id.*

More specifically, Plaintiff alleges that on December 31, 2016, Defendant Spitzer and a non-defendant—"Boggs"—grabbed, cuffed, and twisted his wrist, and threw him on the ground. *Id.* at 9. He states he "was being walked to seg" and "tripped up by [Defendant] Spitzer and wrist twisted" and that "[Defendant] Crawford watched." *Id.* He contends he was subjected to cruel and unusual punishment when from "Feb. 8 until Apr. 18 [Defendants] Peltier and Baker refused to give [him] a shower" and a non-defendant—"Gonkers"—and "the rest of the staff" gave him cold and contaminated food trays. *Id.* Finally, Plaintiff claims he was "[r]efused . . . proper medical attention upon request several times/[s]exual [m]isconduct." *Id.* at 14. He cites the actions of a non-defendant—"nurse Shirley"—on March 18, 2017 while he was seeking medical care. *Id.*

Plaintiff does not specify the nature of the relief he seeks. *Id.* at 16.

## II. Screening.

Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the court cannot grant relief. *Id.* § 1915A(b).

One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). Moreover, "the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) (unpublished order).

### III. Analysis.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." *Id.* § 1391(b)(1), (2).

#### A. Venue is proper in the Western District of Oklahoma.

Here, Plaintiff identifies the DOC and the State of Oklahoma as Defendants. Doc. 1, at 1. "Venue for actions filed by any prisoner of any state prison or private prison in which the state [or] the Department of Corrections . . . shall be in the county of the official residence of the Department of Corrections." Okla. Stat. tit. 57, § 566.4(G)(1). Oklahoma County is "the county of the official residence of the Department of Corrections . . . ." *State ex*

*rel. Dep't of Corr. v. Brock*, 513 P.2d 1293, 1295 (Okla. 1973). "Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Oklahoma County is in the Western District. *Id.* § 116(c). So, venue is proper in this court. *See id.* § 1391(b)(1).

**B.  Venue is also proper in the Eastern District of Oklahoma.**

Venue also lies in the Eastern District of Oklahoma. DCI is located in Holdenville, Oklahoma, Doc. 1, at 1, and Plaintiff identifies every individual Defendant as "a citizen of Holdenville, Oklahoma." *Id.* at 1, 2, 3, 4. *Every* "part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" there. 28 U.S.C. § 1391(b)(2). Holdenville, Oklahoma is located in Hughes County, Oklahoma.[2] Hughes County is in the Eastern District of Oklahoma. *Id.* § 116(b). So, venue is also proper in that court. *See id.* § 1391(b)(2).

**C.  Transfer to the Eastern District of Oklahoma is in the interest of justice.**

Although Plaintiff elected to file his action in the Western District of Oklahoma, the undersigned notes that Plaintiff and all individual Defendants are located in the Eastern District of Oklahoma, as is DCI, the prison facility

---

[2]  The undersigned judicially notices the location of Holdenville. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

5

where the claimed events occurred. Witnesses to those events are more accessible there.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." *Id.* § 1404(a). The connection to Plaintiff's action is decidedly greater in the Eastern District of Oklahoma. And, as venue is proper in that district, Plaintiff's action "might have been brought" there. *Id.* The transfer of this action to the Eastern District of Oklahoma is "in the interest of justice." *Id.*

## IV. Recommendation and notice of right to object.

The undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma under 28 U.S.C. § 1404(a).

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 18, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 29th day of August, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE